STEVEN P. KRAFCHICK (WA SBN 13542)
KRAFCHICK LAW FIRM
100 W. Harrison, South Tower, Suite 300
Seattle, WA  98119
Tel:   (206) 374-7370, Fax:(206) 374-7377
E-mail:  klf@krafchick.com
*Appearing Pro Hac Vice*

ABRAHAM N. GOLDMAN  (SBN 102080)
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD
P.O. BOX 120, 12896 Rices Crossing Road
Oregon House, CA  95962
Tel: (530) 692-2267, Fax: (530) 692-2543
E-mail:  agoldman@succeed.net

Attorneys for Plaintiff
CHAD BILBREY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD BILBREY,<br><br>   Plaintiff,<br> v.<br><br>RELIANCE STANDARD INSURANCE COMPANY, MATRIX ABSENCE MANAGEMENT, INC., GROUP WELFARE BENEFIT PLAN, LAM RESEARCH CORPORATION,<br><br>   Defendants, | Case No.:       09-cv-03399 MHP<br><br>**PLAINTIFF'S OBJECTION TO DECLARATION OF DENNIS J. RHODES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) AND EXHIBIT 1 ATTACHED THERETO**<br><br>Date:        March 15, 2010<br>Time:        2:00 p.m.<br>Courtroom:  15<br>Judge:       The Hon. Marilyn H. Patel<br><br>**Supporting Documents**<br>1. Memorandum of Points and Authorities<br>2. Objection to Declaration of Dennis J. Rhodes<br>3. [Proposed] Order |

  Plaintiff respectfully objects to the Declaration of Dennis J. Rhodes, Document 52-2 and the attached Exhibit 1, purporting to be copy of the long term disability insurance policy involved in this action.

  The first ground for plaintiff's objection is that Mr. Rhodes' Declaration does not properly authenticate the purported Exhibit 1.  While Mr. Rhodes is counsel of record in this lawsuit, and he

---

1

**PLAINTIFF'S OBJECTION TO DECLARATION OF DENNIS J. RHODES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**
473373.1                                       Case No.: 09-cv-03399 MHP

purports to state in Paragraph 1 at p. 2, ln. 3-4 that he has personal knowledge of the facts stated in his Declaration, there are no facts actually stated that support the key factual statement, namely that Exhibit 1 is the policy of insurance involved in this litigation.  F.R.Ev. 901 (b)(1); 902. Further, the <u>unsigned</u> document is hearsay.  F.R.Ev. 802.  Further, since it is not signed, it has no relevance under F.R.Ev. 401, 402.

In order to lay an appropriate foundation to identify this document as the policy involved in this litigation, Mr. Rhodes would need to set forth direct facts that he was a custodian of records of this document, that he issued this document by Reliance, that he received this document on behalf of one of the other defendants, or some other foundation that supports the statement that this is indeed the policy which is involved in this action.

Mr. Rhodes does not make any such direct factual statements in Paragraph 2.  He only states that Exhibit 1 is a true and correct copy of Group Policy LSC 97200 that was produced in the initial disclosures.  However, initial disclosures under FRCP 26(a)(1)(A) are means of discovery and not authentication for the purpose of evidentiary facts, nor do they resolve potential hearsay issues.

The problems raised by Mr. Rhodes' Declaration, Exhibit 1, are exacerbated by the document itself.  At Exhibit 1, page AR 414, there is simply a generic front page for Policy LSC 97200, with an effective date of 1986, which does not pertain to this case, and purported anniversary dates of January 1, 2004 and each January 1 thereafter.  Accordingly, this raises an inherent ambiguity as to whether the cover page AR 414 applies to the relevant policy at issue in and of itself.

This is further complicated by page AR 416, where it states that as of January 1, 2003, the "participating unit", namely LAM Research Corporation, purports to be approved as a participant in the "RSL Group and Blanket Insurance Trust", which is neither an entity involved in this action, nor has any explained connection with "Reliance Standard Life Insurance Company", the entity identified at page AR 414.

Further, the "Request for Participation" at page AR 416, while apparently having some signature (whether stamped or real unknown) by Reliance Standard Life, the signature lines for the "Participating Unit", purportedly LAM Research Corporation, is totally blank.  This raises the serious evidentiary question as to whether a blank contract not signed by LAM can have any evidentiary value or admissibility whatsoever.

2
**PLAINTIFF'S OBJECTION TO DECLARATION OF DENNIS J. RHODES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**
473373.1                                                                                                          Case No.: 09-cv-03399 MHP

Further, Exhibit 1 suffers from the lack of any authentication that it was actually produced to plaintiff pursuant to the requests made under the Regulations 29 CFR 2560.530-1, which are detailed in Paragraphs 38-42; 79-83 of the FAC.

Accordingly, Exhibit 1 to the Declaration of Dennis Rhodes should not be admitted in evidence and Paragraph 2 of Mr. Rhodes' Declaration should be stricken. The basis is that there is no evidentiary foundation to authenticate this document pursuant to F.R.Ev. 901, the document itself is not self-authenticating under F.R.Ev. 902, the unsigned document at pages AR 416 and 417, having no signature, could hardly be seen to be authenticated under any circumstances, which makes the document not relevant under F.R.Ev. 401, 402, and further, that the unsigned document is hearsay as being a blank form that is not signed by the purported participating unit, LAM Research Corporation. F.R.Ev. 801, 802.

Respectfully submitted,

Dated: February 22, 2010                    ABRAHAM GOLDMAN & ASSOCIATES LTD.


By: */s/ Abraham N. Goldman*
    Abraham N. Goldman,
    Steven P. Krafchick,
    Attorneys for Plaintiff
    CHAD BILBREY