**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAD BILBREY,

        Plaintiff,

  v.

RELIANCE STANDARD INS. CO., MATRIX
ABSENCE MGMT., INC., GROUP
WELFARE BENEFIT PLAN, and LAM
RESEARCH CORP.

        Defendants.
_____/

No. C 09-3399 MHP

**MEMORANDUM & ORDER**

**Re: Motion to Dismiss pursuant to FRCP
12(b)(6)**

      Chad Bilbrey ("plaintiff") filed this action against Reliance Standard Insurance Co.
("Reliance"), Matrix Absence Management Inc. ("Matrix"), Group Welfare Benefit Plan ("Plan")
and Lam Research Corp. ("LAM") (collectively "defendants") pursuant to the Employment
Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.  Plaintiff seeks long-
term disability ("LTD") benefits that he alleges were improperly withheld under his LTD plan,
removal of Reliance and Matrix as Plan fiduciaries and statutory penalties for defendants' failure to
provide relevant materials upon request.  Defendants move to dismiss portions of the First Amended
Complaint ("FAC"), asserting that Matrix is not a proper defendant and that plaintiff's second and
third causes of action fail to state a claim upon which relief can be granted.  Having considered the
parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

The following facts are alleged in the first amended complaint. Plaintiff was employed by LAM from March 2000 until July 2003. Docket No. 38 (FAC) ¶¶ 8 & 17. LAM paid premiums to Reliance for disability insurance coverage; coverage for which plaintiff became eligible in January 2003. *Id.* ¶¶ 9 & 10. Plaintiff was involved in a motor vehicle collision in 2002 and was thereafter treated by a chiropractor and an orthopaedic doctor for fibromyalgia, cephalgia and severe myofascial pain. *Id.* ¶¶ 11 & 12. Although plaintiff received disability payments from the State of California for approximately two months in 2003, *id.* ¶ 14, defendants denied his claim for LTD benefits in April 2004, *id.* ¶ 22. Plaintiff appealed the denial and defendants reversed their decision in February 2005, providing retroactive payment for a 24-month period. *Id.* ¶¶ 25 & 29. In July 2006, defendants denied plaintiff's subsequent appeal regarding the closure of his LTD claim. *Id.* ¶¶ 33 & 37. The very next month, plaintiff informed defendants that he intended to appeal this decision and requested materials to which he was entitled pursuant to ERISA. *Id.* ¶ 38. After receiving a partial claim file, plaintiff requested additional materials. *Id.* ¶ 39. Defendants failed to provide all requested materials. *Id.* ¶ 40.

Plaintiff filed this action seeking to recover benefits pursuant to 29 U.S.C. section 1132(a)(1)(B), removal of Reliance and Matrix as plan fiduciaries pursuant to both sections 1132(a)(2) and 1132(a)(3) and, pursuant to section 1132(c), penalties of at least $100 per day for defendants' failure to provide materials defined as relevant by ERISA. Plaintiff desires to be placed in the same position he would have been in had he timely been paid benefits to which he was allegedly entitled (what he describes as "'make-whole' relief").

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory

or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950.

"[A]llegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "[A] court may take judicial notice of 'matters of public record,' " *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363 (3d. ed. 2004).

United States District Court

For the Northern District of California

1    DISCUSSION

2    I.      Matrix as a Proper Party

3        Defendants claim Matrix is not a proper party to this action. Actions pursuant to 29 U.S.C.

4 section 1132(a)(1)(B) may be brought against an ERISA plan as an entity and against the plan's

5 administrator. *Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir.

6 2005) (citing 29 U.S.C. §§ 1132(d)(1) & 1132(a)(1)(B)); *Everhart v. Allmerica Fin. Life Ins. Co.*,

7 275 F.3d 751, 754 (9th Cir. 2001). A claimant "may not sue the plan's insurer for additional ERISA

8 plan benefits," *Ford*, 399 F.3d at 1081 (citing *Everhart*, 275 F.3d at 754), nor may ERISA claims

9 "be brought against the claims administrator." *Id.* at 1083. ERISA defines a plan "administrator" as

10 "(i) the person specifically so designated by the terms of the instrument under which the plan is

11 operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan

12 for which an administrator is not designated and a plan sponsor cannot be identified, such other

13 person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A). Therefore, the plan

14 administrator is generally determined by the language in the coverage documents. Both *Ford* and

15 *Everhart* suggest that a party cannot be deemed a *de facto* plan administrator based on the exercise

16 of discretionary authority. *See Ford*, 399 F.3d at 1081-82 (expressly rejecting the argument that an

17 insurer, not designated the plan administrator in the plan documents, was a plan administrator

18 "because it had discretionary authority to determine eligibility for benefits"); *Everhart*, 275 F.3d at

19 754 n.3 (rejecting the dissent's view that suits under 1132(a)(1)(B) "could be brought against a party

20 that is neither the plan itself nor the plan administrator, but that makes 'the discretionary decisions as

21 to whether benefits were owed' " as contrary to cases in the Ninth and other circuits that limit such

22 suits to plans or plan administrators).

23        Plaintiff has alleged that Matrix is Reliance's "claims advisory agent and jointly and

24 severally acts as claims administrator." FAC ¶ 3. Plaintiff further alleges that Matrix has joint and

25 several "authority to manage the operation and administration of the ERISA plan at issue." *Id.*

26 Although Plaintiff does not expressly allege that Matrix is the "Plan Administrator," plaintiff has

27 alleged that Matrix has administrative authority. A review of the Plan documents is necessary to

28

4

determine whether Matrix is a Plan Administrator.  Defendants' motion to dismiss Matrix as a party to plaintiff's section 1132(a)(1) claim is therefore denied as premature and the parties are ordered to conduct additional discovery.  As discussed at the hearing, defendants are to produce plaintiff's LTD application, controlling Plan documents and contracts that explain the relationship between Matrix and Reliance regarding the LTD plan at issue.[1]  Plaintiff is ordered to amend his complaint by May 14, 2010.  Defendants may then renew their motion to dismiss.

In contrast to 29 U.S.C. section 1132(a)(1)(B), claims filed pursuant to section 1132(a)(2)—plaintiff's second cause of action—are not limited to ERISA plans or ERISA plan administrators.  Rather, a claim may be brought pursuant to section 1132(a)(2) against "[a]ny person who is a fiduciary with respect to a plan."  29 U.S.C. § 1109(a).  Section 1002(21)(A) provides that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."  Plaintiff has alleged that Matrix "jointly and severally has the authority to manage the operations and administration of the ERISA Plan at issue here . . . because it exercises discretionary authority or control respecting the management of the Plan."  FAC ¶ 3.  This allegation effectively mimics the statutory language defining an ERISA fiduciary, and amounts to no more than the "formulaic recitation of the elements of a cause of action."  *Iqbal*, 129 S.Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).  As discussed below, plaintiff's second cause of action is dismissed in its entirety, with leave to amend.

Plaintiff's third cause of action seeks removal of Reliance and Matrix as Plan fiduciaries pursuant to 29 U.S.C. section 1132(a)(3).  Section 1132(a)(3) authorizes a plan participant, beneficiary or fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  As discussed above, since Matrix's role is unclear at this time, it is premature to dismiss Matrix prior to review of the appropriate Plan documents.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Finally, a plan administrator may be liable to a plan participant or beneficiary for up to $100

2 per day when that administrator fails or refuses to comply with a request for any information which

3 ERISA requires that the administrator furnish to that participant or beneficiary.  29 U.S.C. § 1132(c).

4 ERISA defines a plan "administrator" as "(i) the person specifically so designated by the terms of

5 the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan

6 sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor

7 cannot be identified, such other person as the Secretary may by regulation prescribe."  29 U.S.C.

8 § 1002(16)(A).  The Ninth Circuit has held that liability under section 1132(c) must be limited "to

9 the targets expressly identified by Congress in section 1002(16)."  *Moran v. Aetna Life Ins. Co.*, 872

10 F.2d 296, 299 (9th Cir. 1989).  Since Matrix's role is currently unclear, it is premature to dismiss

11 Matrix.

12    The court notes that defendants' argument that plaintiff has admitted that Matrix *is not* a

13 fiduciary by alleging that Reliance *is* a fiduciary is unavailing.  Plaintiff alleges that Matrix and

14 Reliance "jointly and severally" exercise discretionary authority.  FAC ¶¶ 2 & 3.  Also, ERISA

15 contemplates that a plan may have multiple fiduciaries.  *See* 29 U.S.C. § 1105(a) ("a fiduciary with

16 respect to a plan shall be liable for a breach of fiduciary responsibility of *another fiduciary with*

17 *respect to the same plan* in the following circumstances . . . ." (emphasis added)).  Likewise,

18 defendants' argument that the Plan documents name Reliance as the "claims review fiduciary" does

19 not preclude Matrix from otherwise serving as a Plan fiduciary.[2]  *See Kyle Rys, Inc. v. Pac. Admin.*

20 *Servs. Inc.*, 990 F.2d 513, 518 (9th Cir. 1993) ("an insurer will be found to be an ERISA fiduciary if

21 it has the authority to grant, deny, *or* review denied claims." (emphasis added)).

22 II.    Plaintiff's Second Cause of Action

23    Plaintiff's second cause of action seeks removal of Reliance and Matrix as Plan fiduciaries

24 pursuant to 29 U.S.C. section 1132(a)(2).  Section 1132(a)(2) authorizes a plan participant,

25 beneficiary or fiduciary to bring a civil action for appropriate relief under section 1109.  Section

26 1109 states that

27        A person who is a fiduciary with respect to a plan who breaches any of
         the responsibilities, obligations, or duties imposed upon fiduciaries by

28

United States District Court

For the Northern District of California

> this subchapter shall be personally liable to make good to such plan
> any losses to the plan resulting from each such breach, and to restore
> to such plan any profits of such fiduciary which have been made
> through use of assets of the plan by the fiduciary, and shall be subject
> to such other equitable or remedial relief as the court may deem
> appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

Plaintiff alleges that defendants breached their fiduciary duties by failing to act for the exclusive benefit of plan participants and beneficiaries. FAC ¶ 64. Section 1104(a)(1) provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." Plaintiff alleges that defendants breached this duty by habitually failing both to act in accordance with the Plan documents and to properly evaluate claims for benefits. *Id.* ¶ 66. Specifically, plaintiff alleges that defendants created financial and other incentives for medical consultants to render opinions favorable to defendants and used such medical consultants to deny claims based on false opinions. *Id.* ¶¶ 67-68. Plaintiff further alleges that defendants Reliance and Matrix improperly reward employees with incentives for terminating claims. *Id.* ¶ 72. Finally, plaintiff alleges, without supporting details, that these actions injure the Plan and all of its participants. *Id.* ¶ 71.

Defendants claim that plaintiff, as an individual, lacks standing to bring his claim under section 1132(a)(2). That section, however, unequivocally states that a participant or beneficiary may bring an action for relief under section 1109. Indeed, according to the Supreme Court, "[t]here can be no disagreement . . . that [section 1132(a)(2)] authorizes a beneficiary to bring an action against a fiduciary who has violated [section 1109]." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985). However, "the draftsmen [of section 1109] were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Id.* at 142. "To find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a 'larger systematic breach of fiduciary obligations.' " *Reynolds v. Fortis Benefits Ins. Co.*, C-06-6216, 2007 WL 484782, at *8 (N.D. Cal. Feb. 9, 2007) (Illston, J.) (quoting *Russell*, 473 U.S. at 147).

As both a Plan participant and beneficiary, plaintiff is authorized by section 1132(a)(2) to bring his second cause of action.[3] Plaintiff's allegations include a "systematic breach of fiduciary duties" by defendants and the action is thus not precluded by *Russell*. However, plaintiff fails to substantiate this systematic breach. There are no specific allegations that the claims of other Plan beneficiaries were improperly denied by defendants. Indeed, plaintiff admitted during oral argument that there were no other known potential plaintiffs at this time. Consequently, the "formulaic recitation" that defendants engaged in a larger systematic breach of fiduciary obligations, without providing facts regarding the harm suffered by Plan participants other than plaintiff, requires dismissal. *See Iqbal*, 129 S.Ct. at 1949-50. Plaintiff's second cause of action is dismissed with leave to allege additional facts that support his allegation that defendants engaged in a systematic breach of fiduciary duty.[4]

III.     Plaintiff's Third Cause of Action

Plaintiff's third cause of action seeks the removal of Reliance and Matrix as Plan fiduciaries pursuant to 29 U.S.C. section 1132(a)(3). Section 1132(a)(3) authorizes a plan participant, beneficiary or fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." The Ninth Circuit has held that section 1132(a)(3) is a " 'catchall provision that acts as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not *elsewhere* adequately remedy.' " *Ford*, 399 F.3d at 1083 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 n.5 (2002)) (alteration and emphasis in original). Plaintiff also seeks " 'make-whole' relief" as part of his third cause of action. The court finds premature defendants' motion to dismiss the section 1132(a)(3) claim. The request for "make-whole relief" does not defeat the third cause of action to the extent plaintiff is referring to equitable relief.[5] Plaintiff is ordered to amend the complaint, however, to clarify the scope of "make-whole relief."

8

**United States District Court**
For the Northern District of California

IV.     <u>Plaintiff's Fourth Cause of Action</u>

Defendants state in the "Conclusion" of their moving papers that "Reliance is not a proper party for a claim under ERISA for penalties."  Docket No. 52 (Mot.) at 7.  Defendants expand on this statement in their reply brief, stating that Reliance is not designated the Plan Administrator and is thus not subject to penalties under 29 U.S.C. section 1132(c).  Docket No. 57 (Reply) at 6.  However, plaintiff has alleged that Reliance is the Plan Administrator.  FAC ¶ 2.  Defendants' argument is better suited to a motion for summary judgment.  *See Cady v. Anthem Blue Cross Life & Health Ins. Co.*, 583 F.Supp. 2d 1102, 1108 (N.D. Cal. 2008) (Wilken, J.) ("If the evidence demonstrates that [defendant] is not in fact the administrator designated in the plan's instrument, [defendant] may move for summary judgment.").  Defendants' motion to dismiss plaintiff's section 1132(c) claim against Reliance is denied as premature.[6]

<u>CONCLUSION</u>

Defendants' motion to dismiss is DENIED in part and GRANTED in part.  The parties are ordered to conduct additional discovery and plaintiff is ordered to amend his complaint prior to May 14, 2010, at which time defendants may renew their motion to dismiss.

IT IS SO ORDERED.

Dated: March 29, 2010                          _____

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9

**United States District Court**

For the Northern District of California

## ENDNOTES

1.      Parties may also conduct limited reasonable discovery regarding the appropriate standard of review.

2.      Plaintiff's objections to the declarations of D. Rhodes and Karen McGill are denied as moot.

3.      ERISA defines a "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such  employer . . . , or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).  ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  *Id.* § 1002(8).

4.      If plaintiff is able to later allege a section 1132(a)(2) violation, the principles of relation back would likely apply for statute of limitations purposes.

5.      The court will not duplicate remedies across plaintiff's overlapping claims.

6.      Plaintiff has voluntarily withdrawn his claim for future benefits.  Docket No. 55 (Opp.) at 9.